**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA**

TRACY L. W.,

Plaintiff,

vs. | Case No. 18-CV-255-CVE-FHM

ANDREW M. SAUL,[1]
Commissioner of Social Security Administration,

Defendant.

## REPORT AND RECOMMENDATION

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[2] The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), Andrew M. Saul, Commissioner of Social Security Administration, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Plaintiff's September 19, 2014, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Dierdre O. Dexter was held February 15, 2017. By decision dated March 20, 2017, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on March 10, 2018. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

**Background**

Plaintiff was 44 years old on the date of her application for Supplemental Security Income and 47 on the date of the ALJ's denial decision. She has a high school education and no past relevant work. She claims to have been unable to work since January 1, 2002 as a result of depression, back pain, post traumatic stress disorder, and anxiety.

**The ALJ's Decision**

The ALJ determined that Plaintiff retains the residual functional capacity (RFC) to lift, carry, push, or pull up to 10 pounds frequently and 20 pounds occasionally, sit for up to 6 hours in an 8-hour workday, stand and/or walk up to 6 hours in an 8-hour workday, frequently climb ladders, ropes or scaffolds, the job should not involve concentrated exposure to pulmonary irritants. Plaintiff is able to perform simple, routine, and repetitive tasks, she is able to occasionally interact with supervisors and coworkers, but never interact with the general public. The job should not require more than ordinary and routine

changes in the work setting or duties, and should not require travel to unfamiliar places or use of public transportation. [R. 23].

Based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

**Plaintiff's Allegations**

Plaintiff asserts that the ALJ erred by failing to discuss or evaluate whether she meets or equals Listing §5.08 for weight loss due to any digestive disorder, and the ALJ erroneously found that her statements are not consistent with the medical record and the other evidence in the record.

**Analysis**

Analysis of Listing §5.08

Plaintiff argues that the ALJ failed to engage in a proper analysis at step three. At step 3 of the evaluative sequence, the ALJ is required to compare the medical evidence to the Listings of Impairments (Listings) contained in the regulations and to discuss the evidence and the reasons for determining that Plaintiff is not disabled at step three. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The listings describe, for each of the major body systems, impairments which are considered severe enough to prevent a person from performing any gainful activity. It is Plaintiff's burden to show that her impairment is equivalent to a listing. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).

Furthermore, all of the specified medical criteria must be matched to meet a listing. An impairment that manifests only some of the criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 531, 110 S.Ct. 885, 891, 107 L.Ed.2d 967 (1988).

Plaintiff argues that the ALJ erred by failing to discuss whether she met or equaled Listing §5.08 for weight loss due to any digestive disorder. The Listing §5.08 criteria are:

> *Weight loss due to any digestive disorder* despite continuing treatment as prescribed, with BMI of less than 17.50 calculated on at least two evaluations at least 60 days apart within a consecutive 6-month period.

20 C.F.R. Pt. 404, Subpt. P, App. 1, §5.08, italics in original. At the hearing before the ALJ, Plaintiff's attorney asked the ALJ to consider Listing § 5.08, as follows:

> ATTY: ... I also wanted to draw your attention to a weight issue, her physical weight. At [exhibit] 1-F, page nine, the OSU records show she's significantly under weight and so I looked at – there's listing 5.08 and it's weight loss due to any digestive disorder. I don't think she's been diagnosed specifically with a digestive disorder but I think she might equal this listing, 5.08. It requires a BMI of less than 17.5, at least two times, at least 60 days apart in a six month period. so I looked at the records and 1-F, page six, in July of 2014, shows a BMI of 15.55 and then 2-F, page two shows in October of 2014, about four months–or three months later, a BMI of 17.4. So, I would ask that you take that into consideration.
>
> ALJ: I'll review that. I'm not sure it would apply since there's not a diagnosis but I'll research it.
>
> ATTY: Exactly. Thank you. . . .

[R. 45-46].

As discussed at the hearing, there is no diagnosis of any digestive disorder. By it's very terms, Listing 5.08 requires the claimant's low weight to be the result of a digestive disorder and to persist despite prescribed treatment. The record contains no diagnosis or

suggestion that a digestive disorder exists and consequently no treatment for such a disorder. Plaintiff has therefore completely failed to show that she meets all of the criteria for Listing § 5.08. Nor has Plaintiff shown she equals a listing. Furthermore, two of the listing level weight and BMI notations occur in July 2014 and August 2014, before Plaintiff's September 2014 application for SSI benefits which date begins the relevant time frame under consideration. Throughout most of the time frame Plaintiff was of normal weight. The undersigned finds that there was no basis for the ALJ to address Listing §5.08 and therefore no error in the failure to discuss it.

Consistency of Plaintiff's Statements With The Medical Evidence

Plaintiff states that the ALJ "failed to supply the required clarity," [Dkt. 15, p. 6], for her determination that Plaintiff's statements about her subjective symptoms are not consistent with the medical evidence. The analysis to be followed in evaluating a claimant's symptoms is set out in 20 C.F.R. §§ 404.1529, 416.929. The court will not upset such findings if they are supported by substantial evidence and if they are closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings. *Wilson v. Astrue*, 602 F.3d 1136, 1144 (10th Cir. 2010). The ALJ is not required to make a formalistic factor-by-factor recitation of the evidence as long as the specific evidence relied on in the evaluation is set forth. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012).

The undersigned finds that the ALJ applied the correct legal standard and tied the findings to the evidence. The ALJ accurately summarized the medical record and found Plaintiff's allegations were inconsistent with objective medical evidence. The ALJ noted normal rage of motion findings, absence of deformities, and normal muscle strength

throughout the records, [R. 25, 26-27], and contrasted these findings with Plaintiff's claim she could not walk, sit, or stand for more than 10 minutes. [R. 30]. The ALJ pointed out that the state agency medical consultants who reviewed Plaintiff's medical records found Plaintiff had no severe impairment. [R. 31]. *See Kepler v. Chater*, 68 F.3d 387, 390 (10th Cir. 1995)(noting that establishing disabling pain without the explicit confirmation of a treating physician may be difficult). The ALJ noted Plaintiff claims to have a very short attention span, but reads romance novels daily. [R. 30]. The ALJ observed Plaintiff had not been compliant with her medication management and when she was compliant, her symptoms responded to medication. *Id*. The undersigned finds that the ALJ considered appropriate factors and her conclusion is supported by substantial evidence.

In her briefing, Plaintiff points out evidence which she asserts is contrary to the ALJ's conclusion. However, the existence of evidence in the record contrary to the ALJ's findings does not deprive the findings of substantial support in the record. The Tenth Circuit has stated that the possibility of drawing two inconsistent conclusions from evidence in a case does not prevent an administrative agency's findings from being supported by substantial evidence. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## **Conclusion**

The undersigned United States Magistrate Judge finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts and further that there is substantial evidence in the record to support the ALJ's decision. Accordingly, the undersigned United States Magistrate Judge RECOMMENDS that the decision of the Commissioner finding Plaintiff not disabled be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before August 26, 2019.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 12th day of August, 2019.

Frank H. McCarthy

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE