UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TRACY L.W., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-CV-0255-CVE-FHM |
| | ) | |
| ANDREW M. SAUL, | ) | |
| Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Now before the Court is the Report and Recommendation (Dkt. # 19) of the magistrate judge recommending that the Court affirm defendant's decision to deny plaintiff's claim for disability benefits. Plaintiff has filed an objection to the report and recommendation asserting two arguments. First, plaintiff argues that the administrative law judge (ALJ) erred by failing to discuss Listing 5.08 at step three of her written decision. Second, plaintiff claims that the ALJ's findings concerning plaintiff's credibility were not supported by substantial evidence.

**I.**

On September 19, 2014, plaintiff filed a claim for disability benefits, and her claim was denied initially and upon reconsideration. Plaintiff requested a hearing before an ALJ and a hearing was held on February 15, 2017. Plaintiff was represented by counsel at the hearing.

At the hearing, plaintiff's counsel asked the ALJ to consider Listing 5.08 based on plaintiff's low weight, but the attorney did not believe that plaintiff had been diagnosed with a digestive disorder that caused weight loss. Dkt. # 10, at 48-49. The ALJ stated that she would review this

listing, but that she did not believe there was a diagnosis that would support the application of the listing. Id. at 49. Plaintiff's counsel stated that plaintiff's primary physical problems concerned her back, hips, and neck, and that plaintiff suffered from asthma. Plaintiff had also been diagnosed with depression and a panic disorder. Id. at 50. Plaintiff testified that she has a high school diploma, and she has worked intermittently since her date of alleged onset of disability of January 1, 2002. Id. at 53-54. Plaintiff explained that she has been unable to work because she is unable to sit or stand for any substantial period of time and she is unable to lift any object over three or four pounds. Id. at 55. Upon questioning by plaintiff's counsel, plaintiff testified that her back and hips bother her if she sits for more than five or ten minutes, and she has difficulty with bending and balance. Id. at 57-58. Plaintiff had anorexia when she was a teenager and she has a hard time maintaining a consistent body weight, but she denied that she had any digestive problems. Id. at 60. Plaintiff rarely leaves the house, and she avoids driving in case she suffers from a panic attack while driving. Id. at 63. The ALJ called a vocational expert (VE) to testify, and he stated that plaintiff had no past relevant work that could be considered. Id. at 67-68. The ALJ asked the VE two questions concerning a hypothetical claimant, and in both cases the VE testified that the hypothetical claimant could perform jobs available in the national economy. Id. at 68-69. However, if plaintiff's testimony were accepted as entirely credible, she would not be able to work due to chronic absenteeism. Id. at 71.

On March 23, 2017, the ALJ issued a written decision finding at step five of the analysis that plaintiff was not disabled. Plaintiff had not engaged in any substantial gainful activity since September 19, 2014, and she had the severe impairments of major depressive disorder, spine disorder with scoliosis and kyphosis, post-traumatic stress disorder, and anxiety. Id. at 25. At step three of the analysis, the ALJ determined that plaintiff did not have any impairment or combination of

impairments the met or equaled the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. at 26. The ALJ noted that plaintiff had a nonsevere impairment of asthma and that environmental limitations were included in the residual functional capacity (RFC), but the ALJ did not discuss plaintiff's low body weight or any digestive disorder at step three. Id. The ALJ found at step four that plaintiff had the following RFC:

> After careful consideration of the entire record, I find that the claimant has the (RFC) to [be] able to lift, carry, push or pull up to 10 pounds frequently and 20 pounds occasionally; able to sit for up to 6 hours in an 8-hour workday; able to stand and/or walk up to 6 hours in an 8-hour workday; able to frequently climb ladders, ropes or scaffolds; job should not involve concentrated exposure to dust, odors, fumes or pulmonary irritants; able to perform simple, routine and repetitive tasks; able to occasionally interact with supervisors and coworkers; should never interact with the general public; job should not require more than ordinary and routine changes in work setting or work duties, and job should not require travel to unfamiliar places or use of public transportation.

Id. at 27. The ALJ thoroughly summarized plaintiff's testimony and the medical evidence, as well as third party function reports and the opinions of medical consultants, and she concluded that plaintiff's testimony concerning her symptoms and limitations was not entirely consistent with the objective medical evidence. Id. at 28-36. Plaintiff had no past relevant work at step four, but the ALJ relied on the VE's testimony to conclude that there were jobs available in the national economy that plaintiff could perform. Id. at 37. The ALJ found that plaintiff was not disabled and denied plaintiff's claim for disability benefits.

Plaintiff sought review of her claim by the Appeals Council, but the Appeals Council found no basis to review the ALJ's decision. Id. at 5. On May 11, 2018, plaintiff filed this case challenging the denial of her claim for disability benefits. The matter was referred to a magistrate judge for a report and recommendation, and the magistrate judge has recommended that the Court

affirm the ALJ's decision. Dkt. # 19. Plaintiff has filed a timely objection to the report and recommendation, and defendant has responded to plaintiff's objections. Dkt. ## 20, 21.

**II.**

Without consent of the parties, the Court may refer any pretrial matter dispositive of a claim to a magistrate judge for a report and recommendation. However, the parties may object to the magistrate judge's recommendation within 14 days of service of the recommendation. Schrader v. Fred A. Ray, M.D., P.C., 296 F.3d 968, 975 (10th Cir. 2002); Vega v. Suthers, 195 F.3d 573, 579 (10th Cir. 1999). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part. Fed. R. Civ. P. 72(b).

**III.**

Plaintiff argues that the ALJ erred at step three of the analysis by not considering whether plaintiff qualified under Listing 5.08, which concerns low weight or body mass. Dkt. # 20, at 3-5. Plaintiff also claims that the ALJ erred by finding that her subjective complaints concerning her limitations were not wholly consistent with the medical evidence. Id. at 6-7.

The Social Security Administration has established a five-step process to review claims for disability benefits. See 20 C.F.R. § 404.1520. The Tenth Circuit has outlined the five step process:

> Step one requires the agency to determine whether a claimant is "presently engaged in substantial gainful activity." [Allen v. Barnhart, 357 F.3d 1140, 1142 (10th Cir. 2004)]. If not, the agency proceeds to consider, at step two, whether a claimant has "a medically severe impairment or impairments." *Id*. An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities. *See* 20 C.F.R. § 404.1521. At step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to

4

> a condition "listed in the appendix of the relevant disability regulation." *Allen*, 357 F.3d at 1142. If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent [him] from performing [his] past relevant work. *See Id.* Even if a claimant is so impaired, the agency considers, at step five, whether [he] possesses the sufficient residual functional capability to perform other work in the national economy. *See Id.*

Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). The ALJ decided this case at step five of the analysis, finding that sufficient jobs existed in the national economy to allow plaintiff to work. At step five, the ALJ must consider a claimant's RFC, age, education, and work experience to determine if other work exists that a claimant is able to perform. Williams v. Bowen, 844 F.2d 748, 751 (10th Cir. 1988). If the claimant can adjust to work outside of her past relevant work, the ALJ shall enter a finding that the claimant is not disabled. 42 U.S.C. § 423(d)(2)(A). However, the ALJ must find that a claimant is disabled if insufficient work exists in the national economy for an individual with the claimant's RFC. Wilson v. Astrue, 602 F.3d 1136, 1140 (10th Cir. 2010). The Commissioner bears the burden to present sufficient evidence to support a finding of not disabled at step five of the review process. Emory v. Sullivan, 936 F.2d 1092, 1094 (10th Cir. 1991).

The Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but, instead, reviews the record to determine if the ALJ applied the correct legal standard and if his decision is supported by substantial evidence. Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004). The Court must meticulously examine the record as a whole and consider any evidence

that detracts from the Commissioner's decision. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994).

Plaintiff's primary argument is that the ALJ failed to specifically discuss Listing 5.08 in her written decision at step three of the analysis, and any attempt by defendant to explain why this listing does not apply should be treated as a post-hoc rationalization that cannot be considered when reviewing the ALJ's decision. The Tenth Circuit has explained that an ALJ is "required to discuss the evidence and explain why [she] found that [the claimant] was not disabled at step three." Clifton v. Chater, 79 F.3d 1007, 1009 (10th Cir. 1996). This does not mean that a decision should be reversed merely because an ALJ has failed to discuss a particular listing. In a subsequent decision, the Tenth Circuit clarified that "*Clifton* sought to ensure sufficient development of the administrative record and explanation of findings to permit meaningful review," and a district court may consider the entire written decision to determine whether the ALJ's findings were sufficient to reject the application of a listing. Fischer-Ross v. Barnhart, 431 F.3d 729, 733-34 (10th Cir. 2005). The claimant has the burden at step three to "present medical findings equal in severity to all criteria for the one most similar listed impairment." Sullivan v. Zebley, 493 U.S. 521, 530 (1990).

The criteria for qualifying as disabled under Listing 5.08 are "[w]eight loss due to any digestive order despite continuing treatment as prescribed, with BMI of less than 17.50 calculated on at least two evaluations at least 60 days apart within a consecutive 6-month period." This listing requires that a claimant have a BMI less than 17.50 on two separate occasions because of a digestive disorder. The ALJ did not specifically discuss this listing in her written decision, and plaintiff's counsel did bring this listing to the attention of the ALJ during the hearing. However, the ALJ told plaintiff's counsel that there did not appear to be any diagnosis of a digestive disorder. Dkt. # 10,

6

at 50. Plaintiff admitted during her testimony that she did not suffer from a digestive order or digestive problem that caused her weight loss. Id. at 60. Even though plaintiff asked the ALJ to consider Listing 5.08, plaintiff cites no authority suggesting that an ALJ is required to discuss a listing in a written decision when there is no medical evidence that would suggest the listing is applicable. Plaintiff bears the burden to show that all of the criteria for a listed impairment are satisfied, and Listing 5.08 requires a diagnosis of a "digestive disorder." Plaintiff has not met her burden to show that all of the criteria for listing 5.08 are satisfied, and the Court does not find that the ALJ erred by failing to specifically examine Listing 5.08 in her written decision.

Plaintiff also argues that the ALJ failed to make sufficient findings as to the consistency of her testimony with the medical evidence, and she asks the Court to remand the case to allow the ALJ to make additional credibility findings. Dkt. # 20, at 6-7. Credibility determinations " are peculiarly the province of the finder of fact" and such determinations will not be upset if the findings are supported by substantial evidence. Wilson v. Astrue, 602 F.3d 1136, 1144 (10th Cir. 2010). The ALJ's credibility findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Id. The key issue is whether the ALJ "sets forth the specific evidence [she] relies on in evaluating the claimant's credibility" and she does not need to make a formalistic restitution of any particular factors. Keyes-Zachary v. Astrue, 695 F.3d 1156, 1167 (10th Cir. 2012). The Court has reviewed plaintiff's objection to the report and recommendation, and notes that is difficult to determine the specific aspects of the ALJ's credibility findings to which she objects. Dkt. # 20, at 6-7. Many of plaintiff's arguments are directed to matters raised in defendant's briefing, rather than any specific finding made by the ALJ concerning plaintiff's credibility. In any event, the Court has reviewed the ALJ's credibility findings and finds

that they are supported by substantial evidence. For example, plaintiff claimed to have difficulty walking, sitting, or standing for more than 10 minutes at a time, but the findings from a consultative examination provided no support for plaintiff's testimony. Dkt. # 10, at 34. Plaintiff also claimed that she could not work due to a poor attention span, but she claimed that her primary daily activity was watching television and reading romance novels. Id. Much of plaintiff's argument is simply citations to cases that have no specific applicability to the case, and it is not the Court's job to construct an argument on behalf of plaintiff. In this case, the ALJ made extensive findings concerning plaintiff's testimony and the medical evidence and she provided specific and well-reasoned explanations for rejecting aspects of plaintiff's testimony, and the Court finds no basis to reject the ALJ's credibility findings.

**IT IS THEREFORE ORDERED** that Report and Recommendation (Dkt. # 19) is **accepted** as entered, and the decision of the Commissioner of the Social Security Administration is **affirmed**. A separate judgment is entered herewith.

**DATED** this 6th day of September, 2019.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE